## (June 22, 1971)

In the Matter of the Arbitration between LAURATEX TEXTILE CORP., Appellant, and NATHAN GORIN et al., Copartners Doing Business as HERALD TEXTILE Co., Respondents.— Order, Supreme Court, New York County, entered on January 6, 1971, unanimously reversed, on the law, and petitioner-appellant's application to confirm arbitrator's award and to enter judgment against respondents-respondents thereon granted. Appellant shall recover of respondents $50 costs and disbursements of this appeal. Petitioner, having proceeded to arbitration against Herald Textile Co., in the belief that respondent Gorin was the proprietor of that concern, discovered, during proceedings supplementary to execution of the judgment entered on the award, that respondent Lo Pinto was Gorin's partner in the business. Serving only Gorin, petitioner moved at Special Term to amend the judgment to add Lo Pinto as a judgment debtor. The motion was denied, the court citing CPLR 1502 ("Provisional remedies and defenses in subsequent action against co-obligor"), apparently as the appropriate remedy. No appeal was taken, but a new petition and notice of motion were then served

upon both respondents, setting forth all that had transpired, and praying for confirmation of the award against both partners, and entry of judgment thereon. Special Term denied the application, characterizing it as merely a motion to amend the judgment and citing CPLR 1502, in the belief, it seems, that the new steps taken by petitioner had not been in compliance therewith. On this appeal, respondents' sole contention is to the same effect, and that an entirely new proceeding to confirm the award should have been commenced under article 75 CPLR against both partners instead of extension of the original proceeding against the one partner to the other. Though CPLR 1502 speaks in terms of an "action" against a co-obligor to make him amenable to the original judgment, no reason appears why its provisions are not also applicable to a proceeding under article 75, the end product of which, as in an action, is to be a judgment. "Procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings" (CPLR 103, subd. [b]). Further, the court has jurisdiction over the parties, and the "proceeding shall not be dismissed solely because it is not brought in the proper form" (CPLR 103, subd. [c]). (See, also, CPLR 2001.) We hold therefore that CPLR 1502 and article 75 were both complied with by petitioner, and it is entitled to the relief sought. Concur — Capozzoli, J. P., Markewich, Kupferman, McNally and Eager, JJ.